**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona,<br><br>               Plaintiff,<br><br>v.<br><br>James Russell Myers,<br><br>               Defendant. | No. CR-17-8296-PCT- DGC<br><br>**ORDER** |

    James Russell Myers previously attempted to remove his state criminal case to this Court, and the Court remanded the matter to state court. Doc. 4. Mr. Myers has now filed three motions for reconsideration. Docs. 6, 7, 8. The Court will deny the motions and instruct Mr. Myers not file further motions in this case.

    As the Court's prior order noted, 28 U.S.C. § 1443(1) is strictly construed against removal as "it is considered an encroachment on state court jurisdiction." *Johnson v. Washington*, No. C07-0696-MJP, 2007 WL 2377141, at *1 (W.D. Wash. Aug. 15, 2007). It authorizes removal where the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States[.]" 28 U.S.C. § 1443(1). "This generally requires a state law or constitutional provision that denies the defendant an opportunity to raise a federal right." *Hollander v. S.F. County Super. Ct.*, No. C 09-519 SI (pr), 2009 WL 975428, at *1 (N.D. Cal. Apr. 9, 2009) (citing *Johnson v. Mississippi*, 421 U.S. 213, 220 (1975)).

The motions for reconsideration list a number of federal and state constitutional provisions and cases, attach various other documents from state court cases, and argue that Mr. Myers' rights have been denied. They do not identify any state law or constitutional provision that denies him the opportunity to raise his state or federal rights in state court, nor do they show he will be unable to enforce those rights in state court.

A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

**IT IS ORDERED** that the motions for reconsideration (Docs. 6, 7, 8) are **denied**. **Mr. Myers is instructed to file no further motions in this case.**

Dated this 21st day of December, 2017.

_____
David G. Campbell
United States District Judge